UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-76-FDW

| | |
|---|---|
| JOSHUA L. BURR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MACON COUNTY SHERIFF'S OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. § 1915(e)(2). Plaintiff has been granted in forma pauperis status. (Doc. No. 13).

I.  **BACKGROUND**

Pro se Plaintiff Joshua L. Burr, a North Carolina inmate incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina, filed this action on March 16, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following four Defendants: (1) Macon County Sheriff's Office; (2) Scott Marron, identified as a sergeant/medical officer at the sheriff's office; (3) Justin Crane, identified as a corporal at the sheriff's office; and (4) Dale Clouse, identified as an employee at the sheriff's office. Plaintiff alleges that Defendants Clause and Crane used excessive force against Plaintiff in violation of Plaintiff's Eighth Amendment rights while he was incarcerated as a pre-trial detainee at the Macon County Detention Center. Plaintiff alleges the following facts to support his claim:

> On 3/7/2017 at approximately 9:00 a.m. after trying to get the attention of the medical officer (Dale Clause) by tapping on the door, since the food flat was closed due to me being on "lockdown" for an argument the night before Officer

> Clause came in my cell and told me to put my hands behind my back which I did advising that it hurt to do so due to a spinal injury that I received the previous year by being assaulted by an inmate Kris Prince while in the custody of MCSO, Officer Clause took me upstairs via the elevator while jerking on the cuffs took and to a holding cell 238, and put me in a restraining chair with my hands behind my back and puling the straps as tight as he could and for almost 3 hours. I was retightened in that chair by Officer Justin Crane and Office Mace pulling the straps with all the strength they had, this caused me extreme pain and discomfort due to my injury until my shoulders were throbbing and shooting pain, up my arms and neck. I advised them by yelling that it hurt and to please put my hands in the straps (soft cuffs) on the side. They kept my arms behind my back, while Scott Marron sat in a chair in front of my cell and folded his arms watching me. They are aware of my condition, which is worsened as a result in pain and stiffness affecting my dexterity with my hands. It has caused me great anxiety and depression as well as the physical damage. I will have no chance of continuing my trade as an electronic technician/fiber/optic tech/installer.

(Doc. No. 1 at 3-4). Plaintiff seeks declaratory and injunctive relief, as well as compensatory damages. (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable

under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Here, based on his factual allegations, it appears that Plaintiff purports to bring a claim against Defendants Crane and Clause for excessive force, with a failure to intervene claim against Defendant Marron. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986).[1] To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The

---

[1] Because Plaintiff was a pre-trial detainee, Plaintiff's excessive force claim is properly brought under the Fourteenth Amendment Due Process clause. However, the analysis is the same as Eighth Amendment excessive force claims.

> Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

Next, as to Plaintiff's claim against Defendant Marron based on failure to intervene to stop the alleged excessive force, law enforcement officials may be held liable in Section 1983 actions in which the officials "fail[] or refuse[] to intervene when a constitutional violation such as an unprovoked beating takes place in [their] presence." Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998); see also Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). To succeed on a theory of what is sometimes called "bystander liability," a plaintiff must show that the defendant police officer: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. Randall v. Prince George's Cnty., 302 F.3d 188, 204 (4th Cir. 2002).

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, this action survives initial screening as to all Defendants except for the Macon County Sheriff's Office, which is not a legal entity subject to suit in this Section 1983 action. Revene v. Charles Cnty. Com'rs, 882 F.2d 870, 874 (4th Cir. 1989) ("The separate claim against the 'Office of Sheriff' was rightly dismissed on the basis that this 'office' is not a cognizable legal entity separate from the Sheriff in his official capacity and the county government . . . .").

### IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. §

1915A as to all Defendants except for the Macon County Sheriff's Office.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review as to all Defendants except for the Macon County Sheriff's Office.

2. The Clerk shall send Plaintiff a summons forms to fill out so that service may be made on the remaining Defendants. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: February 14, 2018

Frank D. Whitney
Chief United States District Judge